**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LONGHORN HD LLC,

     *Plaintiff,*

  v.

JUNIPER NETWORKS, INC.,

     *Defendant.*

Case No. 2:21-cv-00099-JRG

**<u>JURY TRIAL DEMANDED</u>**

---

### JUNIPER NETWORKS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF LONGHORN HD LLC'S COMPLAINT

---

Defendant Juniper Networks, Inc. ("Juniper"), through its undersigned counsel, for its Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiff Longhorn HD LLC ("Longhorn"), states as follows:

### <u>THE PARTIES</u>

1.    Juniper lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

2.    Juniper admits that it is a corporation organized under the laws of the State of Delaware. Juniper admits that it does business in Texas and in the Eastern District of Texas. Juniper denies that it currently has an established place of business in this District. Juniper closed its office at 5830 Granite Parkway, Suite 850, Plano, Texas office on March 31, 2021. Juniper denies any and all remaining allegations of paragraph 2.

## JURISDICTION

3.       Juniper admits that Longhorn's Complaint purports to allege an action for patent infringement under Title 35 of the United States Code, and that United States District Courts have original subject-matter jurisdiction over actions alleging patent infringement under Title 35 of the United States Code. Juniper denies that Longhorn is entitled to any relief, including under the patent laws of the United States, and denies any and all remaining allegations of paragraph 3.

4.       As it relates to this action only, Juniper admits that it is subject to personal jurisdiction in this Court. Juniper further admits that it conducts business in this Judicial District, the State of Texas, and elsewhere in the United States. Juniper denies any and all remaining allegations of paragraph 4.

5.       Juniper denies that venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Juniper further submits that this venue isn't convenient and that the interests of justice and the convenience of the parties warrant transfer under 28 U.S.C. § 1404(a) to the Northern District of California, where Juniper has its principal place of business. Further, as of March 31, 2021, Juniper doesn't have a regular and established place of business in this District. Juniper denies any and all remaining allegations of paragraph 5.

6.       As stated when answering paragraph 4, as it relates to this action only, Juniper admits that it is subject to personal jurisdiction in this Court. Juniper further admits that it conducts business in this Judicial District, the State of Texas, and elsewhere in the United States. Juniper denies any and all remaining allegations of paragraph 6.

## PATENTS-IN-SUIT

7.       Juniper admits that the copy of U.S. Patent No. 6,421,732 (hereinafter, the "'732 Patent") filed as Dkt. #1-1 is entitled "IPNet Gateway" and on its face states that it issued on July

16, 2002. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 7, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

8.      Juniper admits that the copy of U.S. Patent No. 6,643,778 (hereinafter, the "'778 Patent") filed as Dkt. #1-2 is entitled "Network System Using a Firewall Dynamic Control Method" and on its face states that it issued on November 4, 2003. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 8, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

9.      Juniper admits that the copy of U.S. Patent No. 6,954,790 (hereinafter, the "'790 Patent") filed as Dkt. #1-3 is entitled "Network-Based Mobile Workgroup System" and on its face states that it issued on October 11, 2005. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 9, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

10.      Juniper admits that the copy of U.S. Patent No. 7,260,846 (hereinafter, the "'846 Patent") filed as Dkt. #1-4 is entitled "Intrusion Detection System" and on its face states that it issued on August 21, 2007, subject to a terminal disclaimer. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 10, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

11.      Juniper admits that the copy of U.S. Patent No. 7,343,421 (hereinafter, the "'421 Patent") filed as Dkt. #1-5 is entitled "Restricting Communication of Selected Processes to a Set of Specific Network Addresses" and on its face states that it issued on March 11, 2008. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 11, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

12.     Juniper lacks knowledge or information sufficient to form a belief about whether Longhorn is the sole and exclusive owner of all right, title, and interest in the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent (hereinafter, collectively, the "Patents-in-Suit") and therefore denies these allegations under Fed. R. Civ. P. 8(b)(5), and further denies any and all remaining allegations of paragraph 12.

## FACTUAL ALLEGATIONS

13.     Juniper admits that the subject matters of the purported inventions of the Patents-in-Suit generally relate to computer and network security, and further denies any and all remaining allegations of paragraph 13.

14.     Juniper admits that the '732 Patent purports to generally relate to mapping of multiple entities on a network to a single address, and that the '732 Patent on its face names Hasan S. Alkhatib and Bruce C. Wootton as Inventors and IP Dynamics, Inc., as Assignee. Juniper denies that the '732 Patent is valid, and Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 14, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

15.     Juniper admits that the '778 Patent purports to generally relate to a VPN (Virtual Private Network) that uses a firewall, and that the '778 Patent on its face names Osamu Nakazawa as Inventor and Oki Electric Industry Co., Ltd., as Assignee. Juniper denies that the '778 Patent is valid, and Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 15, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

16.     Juniper admits that the '790 Patent purports to generally relate to data communications and network-based mobile workgroups, and that the '790 Patent on its face

4

names Jan Forslöw as Inventor and Interactive People Unplugged AB as Assignee. Juniper denies that the '790 Patent is valid, and Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 16, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

17.     Juniper admits that the '846 Patent purports to generally relate to intrusion detection systems, and that the '846 Patent on its face names Christopher W. Day as Inventor and Steelcloud, Inc., as Assignee. Juniper denies that the '846 Patent is valid, and Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 17, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

18.     Juniper admits that the '421 Patent purports to generally relate to computer network communication, and that the '421 Patent on its face names Pawan Goyal as Inventor. Juniper denies that the '421 Patent is valid, and Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 18, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

19.     Juniper admits that it makes, uses, sells, and/or offers to sell products that include security gateways and WAN solutions that provide firewall, VPN, IPSec, DNS, and/or IDS/IPS functionality, as well as SRX Series Services Gateways, including SRX300, SRX550, SRX1500, SRX4100, SRX4200, SRX4600, SRX5400, SRX5600, SRX5800, the Junos operating system, utilities, and software. Juniper denies any and all remaining allegations of paragraph 19.

## COUNT I

20.     Juniper incorporates by reference its answers to paragraphs 1–19 as if fully set forth herein.

21.     Juniper admits that it hasn't entered into an agreement with Longhorn to license the '732 Patent. Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 21, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

22.     Juniper denies that its products infringe, denies that the allegations of paragraph 22 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 22.

23.     Juniper denies each and every allegation of paragraph 23.

24.     Juniper admits that the SRX series products deliver security, routing, and networking capabilities. Juniper denies that its products infringe, denies that the allegations of paragraph 24 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 24.

25.     Juniper admits that the SRX series products deliver security, routing, and networking capabilities. Juniper denies that its products infringe, denies that the allegations of paragraph 25 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 25.

26.     Juniper denies that its products infringe, denies that the allegations of paragraph 26 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 26.

27.     Juniper denies each and every allegation of paragraph 27.

## **COUNT II**

28.     Juniper incorporates by reference its answers to paragraphs 1–19 as if fully set forth herein.

6

29.    Juniper admits that it hasn't entered into an agreement with Longhorn to license the '778 Patent. Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 29, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

30.    Juniper denies that its products infringe, denies that the allegations of paragraph 30 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 30.

31.    Juniper denies each and every allegation of paragraph 31.

32.    Juniper admits that the figure in paragraph 32 comes from the web address in footnote 2 of the Complaint. Juniper denies that its products infringe, denies that the allegations of paragraph 32 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 32.

33.    Juniper denies that its products infringe, denies that the allegations of paragraph 33 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 33.

34.    Juniper admits that the figure in paragraph 34 comes from the web address in footnote 4 of the Complaint. Juniper denies that its products infringe, denies that the allegations of paragraph 34 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 34.

35.    Juniper denies that its products infringe, denies that the allegations of paragraph 35 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 35.

36.    Juniper denies each and every allegation of paragraph 36.

## COUNT III

37.     Juniper incorporates by reference its answers to paragraphs 1–19 as if fully set forth herein.

38.     Juniper admits that it hasn't entered into an agreement with Longhorn to license the '790 Patent. Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 38, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

39.     Juniper denies that its products infringe, denies that the allegations of paragraph 39 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 39.

40.     Juniper denies that its products infringe. Juniper also denies that the allegations of paragraph 40 form a complete and accurate characterization of Juniper's business and/or products, including, without limitation, because Juniper sold Pulse to a third party in 2014, prior to any alleged damages period in this case. Juniper further denies any and all remaining allegations of paragraph 40.

41.     Juniper admits that the SRX series products deliver security, routing, and networking capabilities. Juniper denies that its products infringe, denies that the allegations of paragraph 41 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 41.

42.     Juniper admits that the SRX series products deliver security, routing, and networking capabilities. Juniper denies that its products infringe, denies that the allegations of paragraph 42 form a complete and accurate characterization of Juniper's business and/or products, and further any and all remaining allegations of paragraph 42.

43.     Juniper denies each and every allegation of paragraph 43.

44.     Juniper denies each and every allegation of paragraph 44.

45.     Juniper denies each and every allegation of paragraph 45.

46.     Juniper denies each and every allegation of paragraph 46.

47.     Juniper denies each and every allegation of paragraph 47.

## COUNT IV

48.     Juniper incorporates by reference its answers to paragraphs 1–19 as if fully set forth herein.

49.     Juniper admits that it hasn't entered into an agreement with Longhorn to license the '846 Patent. Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 49, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

50.     Juniper denies that its products infringe, denies that the allegations of paragraph 50 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 50.

51.     Juniper denies each and every allegation of paragraph 51.

52.     Juniper admits that the web address in footnote 6 of the Complaint discusses Juniper's ATP Appliance. Juniper denies that its products infringe, denies that the allegations of paragraph 52 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 52.

53.     Juniper admits that the web address in footnote 7 of the Complaint discusses Juniper's ATP Appliance. Juniper denies that its products infringe, denies that the allegations of

paragraph 53 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 53.

54.    Juniper denies that its products infringe, denies that the allegations of paragraph 54 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 54.

55.    Juniper denies each and every allegation of paragraph 55.

56.    Juniper denies each and every allegation of paragraph 56.

57.    Juniper denies each and every allegation of paragraph 57.

58.    Juniper denies each and every allegation of paragraph 58.

59.    Juniper denies each and every allegation of paragraph 59.

## <u>COUNT V</u>

60.    Juniper incorporates by reference its answers to paragraphs 1–19 as if fully set forth herein.

61.    Juniper admits that it hasn't entered into an agreement with Longhorn to license the '421 Patent. Juniper lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 61, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

62.    Juniper denies that its products infringe, denies that the allegations of paragraph 62 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 62.

63.    Juniper admits that the web address in footnote 8 of the Complaint discusses Juniper's products. Juniper denies that its products infringe, denies that the allegations of

paragraph 63 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 63.

64.     Juniper admits that the web address in footnote 9 of the Complaint discusses Juniper's products. Juniper denies that its products infringe, denies that the allegations of paragraph 64 form a complete and accurate characterization of Juniper's business and/or products, and further denies any and all remaining allegations of paragraph 64.

65.     Juniper denies each and every allegation of paragraph 65.

66.     Juniper denies each and every allegation of paragraph 66.

67.     Juniper denies each and every allegation of paragraph 67.

68.     Juniper denies each and every allegation of paragraph 68.

## LONGHORN'S DEMAND FOR JURY TRIAL

Juniper admits that the Complaint sets forth a demand for a trial by jury. Juniper likewise demands a trial by jury on all issues so triable.

## LONGHORN'S PRAYER FOR RELIEF

Juniper denies any and all allegations of the Prayer for Relief, denies that Longhorn is entitled to the relief requested in the Complaint or any relief whatsoever, and denies any and all allegations in the Complaint not heretofore specifically admitted.

## DEFENSES

### FIRST DEFENSE

(Non-Infringement of the Patents-in-Suit)

1.     Juniper has not directly or indirectly infringed, willfully infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced

others to infringe, any valid and enforceable claim of any of the Patents-in-Suit (i.e., the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent).

## SECOND DEFENSE
### (Invalidity of the Patents-in-Suit)

2.      The claims of the Patents-in-Suit are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282.

## THIRD DEFENSE
### (Equitable Doctrines)

3.      Longhorn's claims are barred in whole or in part by the equitable doctrines of unclean hands, estoppel, waiver, patent misuse, and/or acquiescence. For example, Longhorn filed a complaint on November 20, 2019 in this Court asserting that Juniper infringed the Patents-in-Suit. Juniper provided evidence showing that the Patents-in-Suit were invalid and not infringed. Longhorn then dismissed the lawsuit before Juniper answered the complaint.

## FOURTH DEFENSE
### (Prosecution History Estoppel)

4.      Upon information and belief, Longhorn's claims of infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel or prosecution disclaimer.

## FIFTH DEFENSE
### (Failure to State a Claim)

5.      Longhorn's Complaint fails to allege facts sufficient to state a claim upon which relief may be granted against Juniper.

**SIXTH DEFENSE**

(Injunctive Relief Is Improper)

6.      Longhorn is not entitled to injunctive relief as a matter of law or equity because the alleged injury to Longhorn, if any, isn't immediate or irreparable, Longhorn has an adequate remedy at law for its alleged injury, the balance of hardships don't favor an injunction, and the public interest would be disserved by an injunction.

**SEVENTH DEFENSE**

(Lack of Standing)

7.      To the extent Longhorn doesn't have title to one or more of the Patents-in-Suit, Longhorn lacks standing to bring a lawsuit on such patent(s).

**EIGHTH DEFENSE**

(Limitations on Damages, Costs, and Fees)

8.      Longhorn's recovery for alleged infringement of the Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years before the filing of its Complaint, pursuant to 35 U.S.C. § 286.

9.      Longhorn failed to provide adequate notice to Juniper of alleged infringement and is thus barred under 35 U.S.C. § 287 from recovering damages before the date of notice.

10.      Longhorn is limited and/or barred from recovering damages due to the expiration of at least some of the Patents-in-Suit.

11.      Longhorn is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

12.      Longhorn's recovery for alleged infringement of the '846 Patent, if any, is limited by the disclaimed terminal period of the '846 Patent.

13.     Juniper has engaged in all relevant activities in good faith, thereby precluding Longhorn, even if it were to prevail, from proving that this is an exceptional case justifying a recovery of Longhorn's reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

## NINTH DEFENSE
(Government Sales)

14.     To the extent that certain products accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government, Longhorn's claims against Juniper with respect to such products may not be pursued in this Court and are subject to other limitations under 28 U.S.C. § 1498.

## TENTH DEFENSE
(Express or Implied License).

15.     To the extent any of the Patents-in-Suit have been licensed to Juniper customers or suppliers or other third parties, Longhorn's claims are barred, in whole or in part, by express license, release, and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

## COUNTERCLAIMS

For its counterclaims against plaintiff Longhorn, defendant and counterclaimant Juniper alleges as follows:

### Nature and Basis of Action

1.     These counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, that Juniper doesn't infringe any valid, enforceable claim of the Patents-in-Suit, that the Patents-in-Suit are invalid, and that the Patents-in-Suit are unenforceable due to patent misuse, unclean hands, and/or equitable estoppel.

14

**Parties, Jurisdiction, and Venue**

2.      Juniper is a Delaware Corporation with its principal place of business at 1133 Innovation Way, Sunnyvale, California 94089.

3.      According to Longhorn's Complaint, Longhorn is a Texas entity with its principal place of business at 203 East Travis Street, Marshall, Texas 75670.

4.      Subject to Juniper's affirmative defenses and denials, this Court has jurisdiction over the subject matter of Juniper's counterclaims under, without limitation, 28 U.S.C §§ 1331, 1338, and 1367.

5.      Longhorn has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this judicial district.

6.      Juniper presents its counterclaims contingent upon the correctness of venue of Longhorn's Complaint. Juniper doesn't waive any challenges to venue as to the claims that Longhorn has asserted against Juniper, and Juniper doesn't waive any challenges to or otherwise concede the convenience of the present forum.

**FIRST COUNTERCLAIM**

(Declaratory Judgment of Non-Infringement of Patents-in-Suit)

7.      Juniper incorporates herein and realleges the allegations set forth in paragraphs 1–6 of these Counterclaims.

8.      Due to Longhorn's filing of the Complaint, an actual controversy exists between Juniper and Longhorn with respect to Juniper's alleged infringement of the Patents-in-Suit (i.e., the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent).

9.      Juniper hasn't infringed and doesn't infringe, directly, indirectly, contributorily, and/or by inducement, any valid and enforceable claim of the Patents-in-Suit, literally or under the doctrine of equivalents.

10.     Juniper doesn't infringe the '732 Patent. For example, Juniper doesn't infringe the '732 Patent at least because the accused SRX series units don't receive "request[s] for communication" from an entity "originating from outside said network" and establish "communication between said [within-network] entity and [out-of-network] entity" as properly construed and required by claim 1 of the '732 Patent.

11.     Juniper doesn't infringe the '778 Patent. For example, Juniper doesn't infringe the '778 Patent at least because the accused SRX device firewall doesn't include a "a second object directory server installed in the second intranet to dynamically install a service proxy in the second dynamic proxy server when the service is provided in the second Intranet," as properly construed and required by claim 1 of the '778 Patent.

12.     Juniper doesn't infringe the '790 Patent. For example, Juniper doesn't infringe the '790 Patent at least because the accused SRX series products don't include "a network address identifier (NAI) with which a user of a mobile client is uniquely identified to the mobile VPN system," as properly construed and required by claim 1 of the '790 Patent.

13.     Juniper doesn't infringe the '846 Patent. For example, Juniper doesn't infringe the '846 Patent at least because the accused Juniper systems don't classify "anomalous behavior as an event selected from the group consisting of a network fault, a change in network performance and a network attack," as properly construed and required by claim 7 of the '846 Patent.

14.     Juniper doesn't infringe the '421 Patent. For example, Juniper doesn't infringe the '421 Patent at least because the accused SRX series products don't "associat[e] at least one selected process with at least one network address," as properly construed and required by claim 1 of the '421 Patent.

15.     Juniper is entitled to a judicial declaration that it hasn't infringed and doesn't infringe, directly, indirectly, contributorily, and/or by inducement, any valid and enforceable claim of the Patents-in-Suit, literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity)

16.     Juniper incorporates herein and realleges the allegations set forth in paragraphs 1–6 of these Counterclaims.

17.     Due to Longhorn's filing of the Complaint, an actual controversy exists between Juniper and Longhorn with respect to the validity of the Patents-in-Suit (i.e., the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent).

18.     The claims of the '732 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282. For example, U.S. Patent No. 6,266,335 ("Bhaskaran") in view of U.S. Patent No. 6,094,659 ("Bhatia") discloses or renders obvious at least some of the claims of the '732 Patent.

19.     The claims of the '778 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282. For example, Sato Y., Hamazaki Y. (1997) *Delegate: A General Purpose Application Level Gateway* ("Sato") in view of U.S. Patent Nos. 6,289,385 ("Whipple") and 5,544,320 ("Konrad") discloses or renders obvious at least some of the claims of the '778 Patent.

20.     The claims of the '790 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282. For example, U.S. Patent No. 5,572,525 ("Shuen") in

view of U.S. Patent No. 6,154,839 ("Arrow") and PCT Publication WO200186883 discloses or renders obvious at least some of the claims of the '790 Patent.

21.     The claims of the '846 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282. For example, U.S. Patent No. 6,088,804 ("Portnoy") in view of Cannady, J. (1998) *Artificial Neural Networks for Misuse Detection* ("Cannady") and Barbara, D., Ningning, W., and Jajodia, S. (2001) *Detecting Novel Network Intrusions Using Bayes Estimators* ("Barbara") discloses or renders obvious at least some of the claims of the '846 Patent.

22.     The claims of the '421 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282. For example, U.S. Patent No. 6,571,338 ("Shaio") in view of U.S. Patent No. 6,314,520 ("Schell") discloses or renders obvious at least some of the claims of the '421 Patent.

23.     Juniper is entitled to a judicial declaration that the claims of the Patents-in-Suit (i.e., the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent) are invalid.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Patent Misuse)

24.     Juniper incorporates herein and realleges the allegations set forth in paragraphs 1–23 of these Counterclaims.

25.     Plaintiff knew or should have known that the Patents-in-Suit (i.e., the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent) are either invalid or not

infringed by Juniper and has brought this lawsuit to unlawfully extend its Patents beyond their lawful scope, in an attempt to stifle lawful competition. Accordingly, Plaintiff is misusing its patents, and hasn't cured its misuse, rendering those patents unenforceable.

26.     By way of example, Longhorn sued Juniper for patent infringement in this Court on November 20, 2019. That complaint asserted the same five Patents-in-Suit asserted in this case.

27.     On February 13, 2020 Juniper's outside counsel sent Longhorn's counsel the letter attached as Exhibit A.

28.     The February 13, 2020 letter stated that the Patents-in-Suit were invalid and attached draft IPR petitions for the '778 and '846 patents.

29.     The February 13, 2020 letter also provided four non-exhaustive examples of how Juniper didn't infringe the '732 patent, the '778 patent, the '846 patent, and the '790 patent.

30.     The February 13, 2020 letter requested that Longhorn dismiss the complaint.

31.     On February 14, 2020, Longhorn filed a notice of voluntary dismissal, dismissing the case without prejudice.

32.     Longhorn then filed this case on March 19, 2021 with the knowledge that Juniper didn't infringe the Patents-in-Suit and the Patents-in-Suit are invalid.

33.     Pursuant to the Federal Declaratory Judgments Action, 28 U.S.C. § 2201, *et seq.,* Juniper is entitled to and requests a declaratory judgment that Plaintiffs have misused the Patents-in-Suit (i.e., the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent) and they are unenforceable.

## FOURTH COUNTERCLAIM

(Declaratory Judgment that Unclean Hands Bar Enforcement of the Patents-in-Suit)

34.     Juniper incorporates herein and realleges the allegations set forth in paragraphs 1–23 of these Counterclaims.

35.     Longhorn has engaged in a pattern of misconduct surrounding the alleged enforcement of the Patents-in-Suit (i.e., the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent), barring enforcement of these patents against Juniper.

36.     By way of example, Longhorn sued Juniper for patent infringement on November 20, 2019. That complaint asserted the same five Patents-in-Suit asserted in this case.

37.     On February 13, 2020 Juniper's outside counsel sent Longhorn's counsel the letter attached as Exhibit A.

38.     The February 13, 2020 letter stated that the Patents-in-Suit were invalid and attached draft IPR petitions for the '778 and '846 patents.

39.     The February 13, 2020 letter also provided four non-exhaustive examples of how Juniper didn't infringe the '732 patent, the '778 patent, the '846 patent, and the '790 patent.

40.     The February 13, 2020 letter requested that Longhorn dismiss the complaint.

41.     On February 14, 2020, Longhorn filed a notice of voluntary dismissal, dismissing the case without prejudice.

42.     Longhorn brought this case in bad faith knowing that Juniper didn't infringe the Patents-in-Suit and the Patents-in-Suit are invalid.

43.     In accordance with the doctrine of unclean hands, Longhorn's conduct bars its claims for enforcement against Juniper.

### FIFTH COUNTERCLAIM

(Declaration of Unenforceability due to Equitable Estoppel)

44.     Juniper incorporates herein and realleges the allegations set forth in paragraphs 1–23 of these Counterclaims.

45.     The Patents-in-Suit (i.e., the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent) are unenforceable against Juniper due to estoppel, including without limitation the doctrine of equitable estoppel.

46.     By way of example, Longhorn sued Juniper for patent infringement on November 20, 2019. That complaint asserted the same five Patents-in-Suit asserted in this case.

47.     On February 13, 2020 Juniper's outside counsel sent Longhorn's counsel the letter attached as Exhibit A.

48.     The February 13, 2020 letter stated that the Patents-in-Suit were invalid and attached draft IPR petitions for the '778 and '846 patents.

49.     The February 13, 2020 letter also provided four non-exhaustive examples of how Juniper didn't infringe the '732 patent, the '778 patent, the '846 patent, and the '790 patent.

50.     The February 13, 2020 letter requested that Longhorn dismiss the complaint.

51.     On February 14, 2020, Longhorn filed a notice of voluntary dismissal, dismissing the case without prejudice.

52.     Juniper substantially relied on Longhorn's dismissal of its original complaint in determining that Longhorn didn't intend to assert the Patents-in-Suit against Juniper. Juniper also didn't proceed with post-grant reviews at the Patent Office due to its substantial reliance.

53.     Due to Juniper's reliance on Longhorn's dismissal of its original complaint, Juniper will be materially prejudiced if Longhorn is permitted to proceed with asserting the Patents-in-Suit against Juniper. In reliance on Longhorn's dismissal of its original complaint, Juniper continued to invest significant time and money developing its products and offering them

to market without any perceived threat of the alleged infringement of the Patents-in-Suit. And in further reliance on Longhorn's dismissal, Juniper didn't proceed with any post-grant reviews of the Patents-in-Suit, some of which may now be time-barred.

54.     Juniper is therefore entitled to a declaration that Longhorn is equitably estopped from bringing a claim of infringement of the Patents-in-Suit against Juniper.

## PRAYER FOR RELIEF

WHEREFORE, Juniper asks the Court to enter judgment in Juniper's favor and against Longhorn by granting the following relief:

A.     A dismissal of all claims in Longhorn's Complaint against Juniper, with prejudice, and a complete denial of Longhorn's requests for judgment, injunctive relief, damages, royalty, interest, costs, and any other form of relief;

B.     A declaration that Juniper hasn't infringed and doesn't infringe, directly, indirectly, contributorily, and/or by inducement, any valid and enforceable claims of the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, or the '421 Patent, literally or under the doctrine of equivalents;

C.     A declaration that the claims of the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent are invalid;

D.     A declaration that the '732 Patent, the '778 Patent, the '790 Patent, the '846 Patent, and the '421 Patent are unenforceable against Juniper due to patent misuse, unclean hands, and/or equitable estoppel.

E.     A finding that this case is exceptional under 35 U.S.C. § 285 and an award to Juniper of its reasonable costs and attorneys' fees, together with interest, including prejudgment interest, thereon;

F.      An award of Juniper's reasonable costs and expenses of litigation; and

G.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Juniper respectfully demands a trial by jury on all claims, defenses, and counterclaims.

Dated: April 19, 2021                          Respectfully submitted,

*/s/ Alan M. Fisch*
Alan M. Fisch
Lead Attorney
D.C. Bar No. 453068
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice pending*)
D.C. Bar No. 490957
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice pending*)
D.C. Bar No. 979812
*jeffrey.saltman@fischllp.com*
Adam A. Allgood
Texas Bar No. 24059403
*adam.allgood@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Defendant*
*Juniper Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Marshall Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

<u>/s/ Alan M. Fisch</u>
Alan M. Fisch