## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| LONGHORN HD LLC., | § | Case No. 2:21-cv-00099-JRG |
|  | § |  |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| v. | § |  |
|  | § |  |
| JUNIPER NETWORKS, INC., | § |  |
|  | § |  |
| Defendant. | § |  |

## JOINT MOTION FOR ENTRY OF OPPOSED DOCKET CONTROL ORDER

Pursuant to this Court's Order Setting Scheduling Conference (Dkt. 27), Plaintiff Longhorn HD LLC ("LHD" or "Plaintiff") and Defendant Juniper Networks ("Juniper" or "Defendant") (collectively, the "Parties") hereby submit competing forms of Proposed Docket Control Orders. An omnibus Docket Control Order with both parties' proposals is attached as Exhibit 1. Plaintiff's Proposed Docket Control Order is attached as Exhibit 2 and Defendant's Proposed Docket Control Order is attached as Exhibit 3. The Parties were able to reach agreement that the Docket Control Order would include deadlines for phased limits on asserted claims and prior art references, as anticipated by the Court's Model Order Focusing Patent Claims and Prior Art to Reduce Costs, but were not able to reach agreement regarding the timing of those and other deadlines.

### Plaintiff's Position:

LHD opposes Juniper's attempt to delay this action, and proposes that this action be given the schedule which the Court provided in the July 15, 2021 scheduling conference. During the parties' discussions, Juniper raised two flawed arguments for its requested delay: (i) that it should be given extra time for its invalidity contentions, which requires that claim construction

be pushed back (no extension is warranted, and it does not); and (ii) that the number of patents and claims at issue somehow warrant a longer schedule, despite LHD's agreement to phased elections of asserted claims (they do not). Juniper cannot justify its wholesale attempt to reschedule this case, let alone show the good cause necessary to move a trial date, claim construction hearing, and other asterisked deadlines.

First, Juniper has not set forth any reasonable basis for its extensions of time other than to introduce delay in the proceedings.  Defendant has been on notice regarding infringement of the five patents-in-suit since at least November 11, 2019 when Longhorn filed a complaint alleging infringement of the same Patents against Juniper.  In several letters from Juniper to Longhorn, including the letter attached to Juniper's Counterclaims, Juniper suggested that it had already reviewed and assessed the patents-in-suit and prior art. Dkt. 12-1. Moreover, Juniper has been threatening *Inter Partes* Review Petitions and *Ex Partes* Review Petitions since early 2020.  As recently as April 26, 2021, Juniper stated that it "intends to file ex parte reexamination requests on all five patents-in-suit should the case proceed. These requests will rely on prior art references located after an initial search that predate the patents-in-suit's priority dates and read on the claims."  Juniper even went so far as to send copies of its draft petitions for several of the Asserted Patents.  While Longhorn believes that Juniper's prior art allegations are meritless, Juniper's conduct indicates that it had crystalized its invalidity positions long ago.  In view of Juniper's threats, Juniper should disclose its prior art immediately without extension of time.  Any delay could only be to serve to prejudice and ambush longhorn.  Accordingly, Juniper's request for more time for invalidity contentions should be denied.

Second, to the extent Juniper argues that claim construction should be pushed back so that claim terms are exchanged after invalidity contentions, that is not procedurally sound nor is

it grounded in law for this Court. Juniper has had LHD's infringement contentions since the Court's initial deadlines and LHD did not seek any extensions of time.  Juniper therefore should have all of the information necessary in order to formulate its claim construction position.  The completion of invalidity contentions should have no bearing on the exchange of claim terms.  Accordingly, Juniper's request to postpone the claim construction process should be denied.

Finally, Juniper has not shown any good cause to push back claim construction deadlines, trial dates, and other asterisked deadlines.  As mentioned above, not only has Juniper been on notice of these patents for 22 months, but Juniper has been threatening its supposed prior art searches and invalidity positions for over a year. Moreover, LHD has agreed to phased elections of asserted claims to consistent with the Court's Model Order to "streamline the issues in this case to promote a 'just, speedy, and inexpensive determination' of this action." Model Order Focusing Patent Claims and Prior Art to Reduce Costs at 1. Juniper has had ample time to review and consider the claims at issue in this case.  Juniper's request to delay trial and other scheduled deadlines should be denied.

Accordingly, LHD respectfully requests that the Court enter LHD's Proposed Docket Control Order (Ex. B), consistent with the deadlines the Court originally provided.

**Defendant's Position:**

Longhorn has asserted 157 claims from five unrelated patents. These patents were all developed at different times, by different companies, and by different inventors scattered around the globe in the United States, Japan, and Sweden.[1] Hence, each of the five patents uses its own unique terminology, and the relevant prior art widely varies. Given Longhorn's voluminous and

---

[1] *See* Dkt. #1-1 to 1-5 (complaint exhibits A–E).

disjointed claims here, proceeding with the default schedule as Longhorn proposes would cause undue hardship for the Court and Juniper, and negate the efficiencies often realized in multi-patent cases in this jurisdiction. On the other hand, Juniper's proposed modest adjustment to the default schedule would foster these efficiencies, and allow for the "just, speedy, and inexpensive determination" of this action, per this Court's guidance.[2]

More particularly, Juniper's proposal essentially differs from Longhorn's in two ways: (1) including a brief extension of time to serve invalidity contentions; and (2) requiring Longhorn to begin narrowing its 157 asserted claims before the parties exchange proposed claim terms for construction, rather than after completing claim-construction exchanges and discovery. To accommodate these changes, it's necessary to move back other dates, including the claim-construction hearing and jury selection. Doing so will foster efficiency, reduce the hardships on the Court and Juniper, and not prejudice Longhorn—which dismissed a prior case asserting the same five patents against Juniper and then waited 13 months to file this action. As such, good cause supports Juniper's proposed schedule.

This Court has adopted similar schedules based on similar fact sets in other cases. For instance, in *AGIS Software Development LLC v. Google LLC*, the plaintiff asserted 266 claims from six related patents.[3] Over the plaintiff's objection, this Court required the plaintiff to make its preliminary election of asserted claims three weeks before the parties exchanged proposed terms for construction.[4] This Court also adopted an agreed deadline for invalidity contentions

---

[2] *See* General Order No. 13-20 at 1.

[3] *See* E.D. Tex. No. 2:19-cv-361, Dkt. #64 at 4. Although Longhorn has asserted fewer claims, the unrelated nature of the patents here complicates the selection of proposed terms and prior art.

[4] *See* E.D. Tex. No. 2:19-cv-361, Dkt. #68 at 4.

that was five weeks later than the Sample DCO would've provided.[5] And although the parties didn't dispute the trial date, jury selection in *AGIS* was scheduled to begin 65 days later than it is here.[6] Thus, as detailed below, Juniper respectfully asks that this Court adopt Juniper's similar proposal here.

**Deadlines Based on the Scheduling Conference[7]**

Without a modification to the Sample Docket Control Order for Patent Cases (Sample DCO), Juniper would need to serve its invalidity contentions on August 26, 2021, eight weeks after first receiving Longhorn's infringement contentions and identification of 157 asserted claims. That's 152 more claims than are listed in Longhorn's complaint, which specifically refers to only one exemplary claim for each of the patents.[8] And given the number of asserted claims, and that all the patents are unrelated, Juniper requires additional time to search for and analyze prior art.[9] Accordingly, Juniper respectfully requests a three-week extension of time to serve its P.R. 3-3 and 3-4 contentions and comply with the Standing Order Regarding Subject-Matter Eligibility Contentions.

Good cause exists for this request, as it would avoid prejudicing Juniper and allow for the just and efficient resolution of this matter.[10] Indeed, this and Juniper's other proposed

---

[5] *See id*.

[6] *See id*. at 1 (scheduling jury selection for Apr. 5, 2021, when scheduling conference was on Mar. 23, 2020).

[7] The scheduling conference occurred on July 15, 2021. *See* Minute Entry dated July 15, 2021.

[8] *See* Dkt. #1 at ¶¶ 23, 31, 40, 51, 63.

[9] Although Juniper previously sent Longhorn draft IPR petitions, these addressed, in total, only 37 claims between two patents. And because the patents are unrelated, these draft petitions relied on completely separate grounds and prior-art combinations, with no references in common.

[10] *See, e.g.*, *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (noting that a court "may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

modifications would give the Court more time to resolve Juniper's pending motion to transfer,[11] before the parties begin the substantive claim-construction process in earnest.[12] As the Supreme Court has explained, § 1404(a) is intended "to protect litigants … against unnecessary inconvenience and expense."[13] Thus, the Fifth and Federal Circuits have held that trial courts must address § 1404(a) transfer motions before "any substantive portion of the case."[14] And in February 2021, the Federal Circuit granted mandamus relief in a case where the Western District of Texas had required parties to substantively prepare for the *Markman* hearing while a motion to transfer, filed months earlier, remained pending.[15] Giving the Court more time to resolve the venue issue, before the parties expend significant resources on the merits, therefore further supports good cause.[16] And the parties otherwise agree on the deadlines in the Sample DCO that are based on the date of the scheduling conference.[17]

---

[11] *See* Dkt. #16. As noted, the Eastern District has previously granted Juniper's motions to transfer to the Northern District of California on five occasions. *Id*. at 1 n.1. And the same result should apply here, especially as Juniper has closed all its Texas offices.

[12] Without modifications, the Sample DCO's date to exchange proposed claim terms for construction would be August 17, 2021, before Longhorn has received Juniper's invalidity contentions.

[13] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

[14] *E.g.*, *In re Nintendo Co., Ltd.*, 544 F. App'x. 934, 941 (Fed. Cir. 2013); *accord In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (Transfer motions should take "top priority.").

[15] *See In re SK hynix Inc.*, No. 2021-113, 2021 WL 321071, at *2 (Fed. Cir. Feb. 1, 2021).

[16] This is especially so given that Juniper agreed to Longhorn's requested extension of time to respond to the transfer motion, *see* Dkt. #18, even though Juniper had served Longhorn with a substantially similar draft transfer motion more than a year earlier.

[17] This includes the following, some of which have already occurred: (1) serve infringement contentions; (2) join additional parties; (3) file proposed docket control and discovery orders; and (4) file proposed protective order and comply with paragraphs 1 and 3 of the discovery order.

**Deadlines Based on the Claim Construction Hearing**[18]

Under the Sample DCO and Model Order Focusing Patent Claims and Prior Art to Reduce Costs (Model Order), without modifications, the parties would exchange proposed claim terms for construction for the 157 asserted claims on August 17, 2021, two and a half months before Longhorn would be required to narrow these asserted claims.[19] Three weeks later, the parties would exchange preliminary claim constructions. And on September 28 they would file their joint claim construction statement,[20] still a month before any narrowing of the 157 claims.

Again, good cause exists to modify that schedule to foster efficiency and avoid prejudicing Juniper. For instance, the first claim-construction deadline (to exchange proposed terms) is two and a half weeks away, and less than seven weeks after Juniper first received Longhorn's list of 157 asserted claims and before Juniper serves its invalidity contentions. That isn't enough time to properly analyze and propose terms for construction, given the number of claims and the different terminology in the five unrelated patents. And the schedule in the Sample DCO and Model Order, if left unmodified, is likely to make the claim-construction process less productive, wasting party and court resources. For instance, Juniper will need to propose scores of terms to avoid waiving its rights, while Longhorn lies in wait on which claims and terms it ultimately plans to proceed with.[21] This, in turn, will make the parties' negotiations

---

[18] December 21, 2021. *See generally* Minute Entry dated July 15, 2021.

[19] The parties agree on including dates for narrowing asserted claims, but dispute when this should occur. Without modifications, the Sample DCO's date for complying with P.R. 4-1 (exchanging proposed claim terms) is 18 weeks before the claim-construction hearing. And the Model Order's default date for the preliminary election of asserted claims is 8 weeks before the hearing (i.e.,  "the date set for completion of claim construction discovery pursuant to P.R. 4-4"), or October 26, 2021, based on the date the Court provided for the claim construction hearing.

[20] *See* Sample DCO (providing date for joint statement 12 weeks before hearing).

[21] Longhorn uses the Model Order's default deadline for the Preliminary Election of Asserted Claims, which would require it to cut down the number of asserted claims from 157 to 32 just

inefficient, avoid focusing attention on the core disputes, and make the parties' joint statement and briefing of less assistance to the Court.

Indeed, the Local Rules Committee, in the commentary included in General Order No. 13-20, explained that some of the "most significant costs incurred in the pretrial phase of patent cases" stem from claim construction.[22] And the Model Order's default deadline for the initial narrowing of asserted claims is intended to "target[] the cost of claim construction."[23] Juniper's proposal serves this goal by requiring Longhorn to narrow its asserted claims three weeks before the parties begin exchanging claim terms and constructions. In addition, under Juniper's proposal, Juniper would serve its preliminary election of prior art two weeks after Longhorn's first narrowing of the asserted claims, giving Longhorn the benefit of this information when proposing terms for construction.[24] This will focus the parties' negotiations on the core issues. And Juniper's proposal adjusts the date of the claim-construction hearing, and other deadlines based on it, to accommodate these changes and the requested extension of time to serve invalidity contentions discussed above.

Longhorn's proposal, by contrast, appears intended to put value into its case through the

---

two weeks before filing its opening brief. This suggests Longhorn already knows which claims it plans to focus on, or at least expects to have a better idea of that long before that deadline.

[22] General Order No. 13-20, Local Rules Advisory Committee Commentary at 3 (¶ 3).

[23] *Id*. Specifically, the commentary states the default deadline is intended to "allow[] initial claim construction disclosures to take place, giving the parties the benefit of each other's claim construction positions in making their preliminary elections." *Id*. at 3–4 (¶ 3, cont.). Such a schedule, however, doesn't make sense when the number of asserted claims is five times higher than the number of the claims the plaintiff is permitted in its preliminary election.

[24] The Model Order provides for serving the preliminary election of prior art two weeks after the preliminary election of asserted claims. Juniper's proposal uses the same two-week interval, but allows Longhorn to receive this information 14 weeks before the *Markman* hearing, rather than 6 weeks before the hearing.

early discovery and claim construction burdens imposed on Juniper.[25] And allowing Longhorn to benefit from an expeditious schedule would encourage other litigants to engage in the same tactics, and run contrary to Longhorn's own delay in advancing its infringement claims. Indeed, Longhorn's actions show that it won't be prejudiced by the modest scheduling adjustment Juniper proposes. On November 20, 2019, Longhorn commenced a previous action in this Court, alleging that Juniper infringed the same five patents.[26] On February 13, 2020, Juniper sent Longhorn a letter, attaching draft IPR petitions on two of the patents and requesting that Longhorn dismiss that previous action.[27] The next day, Longhorn voluntarily dismissed the previous action without prejudice.[28] Juniper heard nothing further from Longhorn for over 13 months. Then, on March 19, 2021, Longhorn commenced this action, alleging that Juniper infringed the same five patents.[29] Longhorn's own year-plus delay in pursuing its infringement claims shows that it won't be prejudiced by the three-month extension Juniper seeks here.

Thus, for all the above reasons, good cause exists for Juniper's proposed schedule.

**Deadlines Based on Jury Selection**

---

[25] To Juniper's knowledge, Longhorn has filed 43 actions in the Eastern District, and not one has proceeded to a *Markman* hearing before being voluntarily dismissed with or without prejudice.

[26] Dkt. #12 at 19 (¶ 26 of Juniper's counterclaims); *see Longhorn HD LLC v. Juniper Networks, Inc.*, E.D. Tex. No. 2:19-cv-385.

[27] *E.g.*, Dkt. #12 at 19 (¶¶ 27–30).

[28] *E.g.*, *id*. (¶ 31).

[29] Dkt. #1. By refiling this substantially identical action more than a year later, Longhorn intentionally manufactured an argument that any IPRs Juniper may file are time barred. *Atlanta Gas Light Co. v. Bennett Regul. Guards, Inc.*, No. IPR2015-00826, 2021 WL 202800, at *3 (P.T.A.B. Jan. 20, 2021) (explaining that "current Office policy," according to the brief the PTO submitted in opposition to granting certiorari in *Thryv, Inc. v. Click-To-Call Techs.*, LP, 140 S. Ct. 1367 (2020), is that § 315(b)'s one-year time bar applies regardless of whether an action is voluntarily dismissed without prejudice).

In Juniper's proposal, the date of jury selection and all deadlines based on it are moved back approximately three months to accommodate Juniper's other proposals. Thus, instead of jury selection beginning on Monday, May 23, 2022, it would begin on Monday, August 22, 2022. And good cause exists for these changes for the reasons set forth above.

Dated:  July 29, 2021                    Respectfully submitted,

                                         /s/ *Vincent J. Rubino III*
                                         Alfred R. Fabricant
                                         NY Bar No. 2219392
                                         Email: ffabricant@fabricantllp.com
                                         Peter Lambrianakos
                                         NY Bar No. 2894392
                                         Email: plambrianakos@fabricantllp.com
                                         Vincent J. Rubino, III
                                         NY Bar No. 4557435
                                         Email: vrubino@fabricantllp.com
                                         **FABRICANT LLP**
                                         411 Theodore Fremd Road, Suite 206 South
                                         Rye, New York 10580
                                         Telephone: (212) 257-5797
                                         Facsimile: (212) 257-5796

                                         John Andrew Rubino
                                         NY Bar No. 5020797
                                         Email: jarubino@rubinoip.com
                                         **RUBINO LAW LLC**
                                         830 Morris Turnpike
                                         Short Hills, New Jersey 07078
                                         Telephone: (973) 535-0920
                                         Facsimile (973) 535-0921

                                         Justin Kurt Truelove
                                         Texas Bar No. 24013653
                                         Email: kurt@truelovelawfirm.com
                                         **TRUELOVE LAW FIRM, PLLC**
                                         100 West Houston
                                         Marshall, Texas 75670
                                         Telephone: (903) 938-8321
                                         Facsimile: (903) 215-8510

                                         **ATTORNEYS FOR PLAINTIFF
                                         LONGHORN HD LLC.**

                                         /s/ *Alan M. Fisch (with permission)*
                                         Alan M. Fisch (*admitted in E.D. Tex.*)
                                         DC Bar No. 453068
                                         *alan.fisch@fischllp.com*
                                         R. William Sigler (*pro hac vice*)
                                         DC Bar No. 490957

*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
DC Bar No. 979812
*jeffrey.saltman@fischllp.com*
Adam A. Allgood
State Bar No. 24059403
*adam.allgood@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 29, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/Vincent J. Rubino III*
Vincent J. Rubino, III

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that all counsel of record have met and conferred in accordance with Local Rule CV-7(h) and this joint motion is unopposed. Each parties' proposed docket control order is opposed by the other party. The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), Jacob Ostling, counsel for Plaintiff Longhorn HD, conferred telephonically with Adam Allgood and R. William Sigler, counsel for Defendant Juniper, on July 28, 2021 regarding the foregoing proposed docket control orders and the parties are at an impasse.

*/s/Vincent J. Rubino III*
Vincent J. Rubino, III