IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LONGHORN HD LLC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00099-JRG |
| | § | |
| JUNIPER NETWORKS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Juniper Networks, Inc.'s ("Juniper") Motion to Transfer Venue to the Northern District of California (the "Motion"). (Dkt. No. 16). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be **DENIED**.

**I.    BACKGROUND**

On March 19, 2021, Plaintiff Longhorn HD LLC ("LHD" or "Longhorn") filed this five-patent case against Juniper accusing certain Juniper security gateways of infringing LHD's patents; to-wit: U.S. Patent No. 6,421,732 (the "'732 Patent"), U.S. Patent No. 6,643,778 (the "'778 Patent"), U.S. Patent No. 6,954,790 (the "'790 Patent"), U.S. Patent No. 7,260,846 (the "'846 Patent"), and U.S. Patent No. 7,343,421 (the "'421 Patent"). Shortly after filing its answer, Juniper filed the instant Motion to transfer venue to the Northern District of California (the "Northern District") pursuant to § 1404(a). (Dkt. Nos. 12, 16).

**II.    LEGAL STANDARD**

In evaluating a motion to transfer pursuant to § 1404(a), the Court considers the Fifth Circuit's non-exhaustive list of private and public interest factors. *In re Volkswagen AG*, 371 F.3d

201, 203 (5th Cir. 2004) ("*Volkswagen I*").  The private interest factors include: (1) "the relative ease of access to sources of proof;" (2) "the availability of compulsory process to secure the attendance of witnesses;" (3) "the cost of attendance for willing witnesses;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The public interest factors include: (1) "the administrative difficulties flowing from court congestion;" (2) "the local interest in having localized interests decided at home;" (3) "the familiarity of the forum with the law that will govern the case;" and (4) "the avoidance of unnecessary problems of conflict of laws."  *Id.*

In order to support a claim for transfer under § 1404(a), a movant must demonstrate that the transferee venue is "clearly more convenient" than the current District.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").  This analysis is "based on 'the situation which existed when the suit was instituted.'"  *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)).

### III.  DISCUSSION

The Court first addresses the private interest factors followed by the public interest factors.[1]  The Court finds that both sets of factors weigh against transfer to the Northern District.

### A.  Private Interest Factors

**The Relative Ease of Access to Sources of Proof.**  The first private interest factor the Court analyzes is the relative ease of access to sources of proof, including documentary and other physical evidence.  *See Volkswagen II*, 545 F.3d at 315.  Notwithstanding well-known advances in technology including the digitization of data, the courts of appeals nonetheless continue to affirm the relevance and importance of the physical location of these sources.  *See id.* at 316; *In re*

---

[1] LHD does not dispute that it could have brought suit in the Northern District of California. (*See generally* Dkt. No. 21). Accordingly, the Court need not specifically address this threshold inquiry.

*Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009). Parties must specifically identify and locate sources of proof and explain their relevance. *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-513, 2018 WL 2329752, at *5 (E.D. Tex. May 22, 2018); *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 n.10 (5th Cir. 2017).

Juniper argues that "the vast majority of the relevant evidence" is located at its headquarters in Sunnyvale, California. (Dkt. No. 16 at 9). As support, Juniper contends that six of the seven engineers who work on the accused products, along with the marketing and financial teams for said products, work in Sunnyvale. (*Id.* at 9–10). Juniper also argues that it maintains the documents relevant to the accused products, including technical, marketing, and financial documents in or near its headquarters in Sunnyvale. (*Id.* at 10). Juniper claims that the Court should focus on the location of its documents because as the accused infringer, it will produce majority of the relevant evidence in this case. (*Id.*). Juniper acknowledges that it had an office in Plano as of the filing of this case, but Juniper argues that it closed that office on March 31, 2021. (*Id.* at 2 n.7). With respect to LHD's presence in this District, Juniper argues that "it's unlikely that Longhorn has any evidence at its office that would weigh against transferring this action." (*Id.*).

LHD responds that Juniper's claims regarding the location of its evidence are vague and conclusory, and courts in this District require more specificity. (Dkt. No. 21 at 7) (citing *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, No. 6:12-cv-100, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013)). LHD argues that Juniper's closure of its Plano office after the filing of this complaint is irrelevant to the venue analysis, which evaluates the circumstances that exist at the filing of the complaint. LHD contends that Juniper's Plano office was a sales office and that Juniper conducted activities related to the accused products at that office. (*Id.*). LHD argues that

Juniper's relevant documents would have been just as accessible from its Plano office as its Sunnyvale office. LHD also disputes Juniper's description of LHD's activities in this District. LHD argues that it is (and has been since 2018) a Texas Corporation and headquartered in this District. (Dkt. No. 21 at 8). LHD contends that its corporate records (including information relevant to damages such as prior licensing history), consultants, and local counsel are located in this District. (*Id.*). LHD also points out that facts related to some of Juniper's counterclaims occurred within this District, and therefore the sources of proof as to said counterclaims are also located in this District. (*Id.* at 9). Juniper responds that LHD's activities in this District should be given little weight because LHD's activities are a "construct for litigation." (Dkt. No. 25 at 4).

The Court is not persuaded that this factor favors transfer to the Northern District. First, in analyzing the first private interest factor, the Court does not properly consider the location of the potential witnesses as Juniper suggests by highlighting the location of certain personnel who worked on the accused products. That analysis is properly reserved for subsequent private interest factors. Second, the Court agrees with LHD that as a matter of law, the proper analysis is at the time the complaint was filed. Although Juniper's brief does not dispute this established principle, its briefing largely focuses on post-filing conduct and locations of evidence. Such is not proper. Instead, the Court must focus on the sources of proof available in this District **at the time the litigation was filed**. *EMC*, 501 F. App'x at 976; *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-cv-00258, 2017 WL 11553227, at *4 (E.D. Tex. Dec. 22, 2017); *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997); *see also In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1376 (Fed. Cir. 2021). Nonetheless, Juniper is silent as to the amount of relevant information present or accessible in its Plano office as of the filing of this case. Notably however, Juniper admits it had a sales office in this District at the time this case was filed and does not

dispute that it conducted activities in this District related to the accused products at that time. (*E.g.*, Dkt. No. 16 at 2 n.7; Dkt. No. 21 at 6–7; Dkt. No. 25 at 3–5; Dkt. No. 21-12). The Court finds that sources of proof were available in both this District and the Northern District as of the filing of this case. This does not support transfer.

Further, LHD is incorporated and headquartered in this District. Juniper correctly observes that much of the relevant information in a patent infringement lawsuit comes from the accused infringer. However, such does not mean there is no relevant discovery to be had from LHD. It is apparent that there is at least some relevant LHD information located in this District. As LHD notes, evidence related to prior licensing agreements and Juniper's counterclaims (which occurred in this District) are maintained in this District. (Dkt. No. 21 at 8; Dkt. No. 21-1 ¶¶ 1, 4, 7). While Juniper does not attempt to show that LHD has no information in this District, it argues instead that LHD's presence in this District should not be entitled to any weight. The Court disagrees. The Court finds it probative that LHD is incorporated and headquartered in this District and has been for some time and that relevant sources of proof are maintained in this District in LHD's ordinary course of business. (Dkt. No. 21-2 ¶ 4). Despite its allegations that the Marshall office was a "construct for litigation," Juniper has not come forward with any evidence that the documents LHD located in this District were transferred here from elsewhere to establish venue for this case. Indeed, the case law cited by Juniper does not support its position. For example, in *In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011) the Federal Circuit held that conduct taken in close proximity to litigation played no role in the venue analysis such as incorporating sixteen days before filing or transferring documents to the forum before litigation. *Microsoft*, 630 F.3d at 1365. Juniper also relies on *In re Zimmer*, 609 F.3d 1378 (Fed. Cir. 2010). There, the Federal Circuit criticized the plaintiff's move to Texas as "an artifact of litigation" where plaintiff shared

an office space with another of its trial counsel's clients, was not registered to do business in Texas, and had transferred prosecution files to Texas from Michigan, where it was registered to do business. *Zimmer*, 609 F.3d at 1381. The Federal Circuit's recent decision in *Samsung* makes clear, as it did *Zimmer*, that the focus of the line of cases cited by Juniper is on conduct that is "plainly recent, ephemeral, and artificial." *Samsung*, 2 F.4th at 1378–79; *Zimmer*, 609 F.3d at 1381. LHD's conduct is not fairly of this type. Assertions that a party's actions are an intentional "construct for litigation" are serious and should not be made without clear proof. Such are reviewed carefully by the Court. The Court cannot conclude, based on the facts before it, that LHD's operations in this District meet this standard. Although LHD does not contest that its manager is located in New York (Dkt. No. 21 at 8), LHD has engaged one or more consultants or independent contractors in this District who maintain LHD's Marshall office. (Dkt. No. 21-2 ¶ 9). Further, LHD argues that it maintains additional sources of proof at the home office of its consultant, which is located in this District. (Dkt. No. 21 at 9). Accordingly, the Court finds that this case is distinguishable from those cited by Juniper.

Despite Juniper's reliance on *Microsoft* and *Zimmer*, when this case was filed Juniper maintained a sales office in this District that conducted activities related to the accused products. Juniper does not dispute this fact. In fact, Juniper was conspicuously silent about the extent of those activities in its briefing. The Court is convinced that sources of proof from both parties were present in this District at the time of filing the complaint. Juniper has not shown the same to be true as to the Northern District. The Court finds that this factor disfavors transfer.

**The Availability of Compulsory Process to Secure the Attendance of Witnesses.** The second private interest factor considers the transferor and transferee courts' subpoena power. Federal district courts have the absolute power to compel attendance of a trial, hearing, or

deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Federal district courts have trial subpoena power over a person "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer; or . . . [if the person] is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). Party witnesses are generally deemed to be willing witnesses, so this factor is clearly directed more toward third-party witnesses. *C&J Rent Servs., Inc. v. LEAM Drilling Sys., LLC*, No. 2:19-cv-00079, 2019 WL 3017379, at *3 (E.D. Tex. July 10, 2019).

Juniper conflates this factor with the third private interest factor (the cost of attendance for willing witnesses), which makes it difficult to discern which witnesses Juniper contends are willing and which witnesses might require compulsory process. Nonetheless, Juniper only cites three types of third parties: Pulse Secure, LLC ("Pulse Secure"), named inventors, and prosecuting attorneys. (Dkt. No. 16 at 11–12). With respect to Pulse Secure, Juniper supposes that any relevant witnesses from Pulse Secure "likely work at their company's headquarters in the Northern District." (*Id.* at 11). With respect to the named inventors and prosecuting attorneys, Juniper argues that three of the six named inventors "appear to reside in the Northern District of California, as do two of the patent prosecutors." (*Id.*).

LHD responds that Pulse Secure is not relevant because any information in Pulse Secure's possession, custody, or control would not relate to any allegations of infringement within six years of initiating this lawsuit. (Dkt. No. 21 at 10). LHD further responds that Juniper merely assumes that Pulse Secure's information is in the Northern District and therefore this is entitled to no weight. (*Id.*). Also, Juniper fails to identify specific Pulse Secure employees who might testify or explain how such testimony might be probative. (*See id.*). With respect to the named inventors,

7

LHD responds that at least one named inventor, Hasan Alkhatib, is a willing witness. (*Id.* at 3, 9). LHD also argues that Juniper has failed to show that the other inventors are "unwilling" and that their testimony would be required at trial. (*Id.* at 10). LHD argues that the same is true for the prosecuting attorneys. (*Id.*). LHD also argues that its consultant, Mr. Wolcott, is a non-party witness in this District not subject to the subpoena power in the Northern District. (*Id.*; Dkt. No. 21-2 ¶ 9).

The Court is persuaded that this factor is neutral. The Court finds that Juniper's identification of Pulse Secure, the named inventors, and the prosecuting attorneys is speculative, and fails to give any specific information as to particular named inventors. This approach fails for vagueness. Juniper also has not provided any details as to the relevance or location of Pulse Secure's employee witnessnes. The same is true for the named inventors and prosecuting attorneys. LHD's reliance on Mr. Wolcott for this factor is also unavailing. LHD has not shown Mr. Wolcott would require compulsory process to attend trial—indeed LHD's own briefing states that "**LHD maintains its sources of proof** at . . .the home office of its consultant, Mr. Keith Wolcott, in this Judicial District," (Dkt. No. 21 at 9) (emphasis added) which implies that Mr. Wolcott would willingly attend trial on behalf of LHD.

For these reasons, the Court finds that this factor is neutral.

**Cost of Attendance for Willing Witnesses.** The third private interest factor considers the cost of attendance for willing witnesses. The Federal Circuit has described this factor as being especially important. *Genentech*, 566 F.3d at 1343. The Fifth Circuit has established a so-called "100- mile rule": when the distance between the transferor and proposed transferee venues exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 201; *Genentech*, 566 F.3d at 1343.

8

Juniper argues that this factor favors transfer because party and non-party witnesses are both in the Northern District. For example, Juniper argues that six of the seven relevant engineers it has so far identified work in Sunnyvale and none work in Texas. (Dkt. No. 16 at 11). Juniper again relies on Pulse Secure, the inventors, and patent prosecution attorneys as supporting this factor. (*Id.*).

LHD responds that Juniper has done nothing to show that the witnesses Juniper unilaterally identified are legitimate witnesses. (Dkt. No. 21 at 11). LHD argues that Juniper has ignored several Juniper employees "who are likely to have information relevant to this case" and are located in this District. (*Id.* at 12). LHD also identifies Mr. Thomas Schweitzer, the company's manager, who maintains an office in this District, but otherwise lives in New York. (*Id.* at 8, 11).

The Court is persuaded that this factor is neutral. As with the prior factor, Juniper's broad-brush references to third parties in the Northern District are vague and speculative and must be afforded little weight. Further, both Juniper and LHD have identified party witnesses in this District and the Northern District. Neither party has shown that the identified Juniper witnesses in one place have particular knowledge making one preferable over the other. Therefore, the Court is left with little choice but to find this factor is neutral.

**All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive**. The fourth private interest factor addresses concerns rationally based on judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-00118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).

Juniper argues that this factor is neutral, for the Northern District is just as equipped to hear this case as this District. (Dkt. No. 16 at 12–13). LHD responds that because *Longhorn HD LLC. v. NetScout Systems, Inc.*, No. 2:20-cv-00349 (E.D. Tex.) (the "NetScout Case") involves two of

9

the same patents at issue here, the Court will gain significant knowledge of these patents. (Dkt. No. 21 at 12). In its reply, Juniper argues that LHD's claims of familiarity are speculative because the *NetScout* case is still in its infancy and the Court has not yet had the opportunity to gain any specialized knowledge. (Dkt. No. 25 at 5). The Court agrees with Juniper. While it may in the future, the Court has not yet had the opportunity to gain specialized knowledge as to the asserted patents. Accordingly, the Court finds this factor is neutral.

### B. Public Interest Factors

**Administrative Difficulties Flowing from Court Congestion.** The first public interest factor concerns the speedy and efficient administration of justice. Juniper argues that this factor slightly favors transfer because the median time from filing to termination is faster in this District. (Dkt. No. 16 at 13). LHD argues this factor weighs strongly against transfer and cites precedent from this Court in support. (Dkt. No. 43 at 13) (citing *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390, 2019 WL 2303034, at *5 (E.D. Tex. May 30, 2019)). However, in the case cited by LHD, the Court never found this factor weighed "strongly" against transfer. Nonetheless, the Court agrees with both Juniper and LHD that the time to trial is, on average, faster in this District. Accordingly, the Court finds this factor fairly weighs against transfer.

**Local Interest in Having Localized Interests Decided at Home.** Juniper argues this factor weighs in favor of transfer because "the development, marketing, and updating of the accused products took place and continues to take place in Sunnyvale, California." (Dkt. No. 16 at 14). LHD argues that this factor weighs against transfer because LHD is a Texas entity with its headquarters in this District and operates out of this District. (Dkt. No. 21 at 12). LHD also argues that "Juniper maintained at least one sales office in this Judicial District as of the time of the filing of the Complaint, which employs numerous of residents who live and work in and around this District, further strengthening the localized interest of this District." (*Id.* at 12–13). Although

Juniper is headquartered in Sunnyvale, it does not dispute that it had an office and employees in this District relevant to this case at the time the complaint was filed. Accordingly, the Court finds this factor is neutral.

**Familiarity with Law and Conflicts of Law.** Both parties appear to agree that these factors are inapplicable or neutral. The Court agrees.

## IV.  CONCLUSION

One private interest and one public interest factor weigh against transfer. All other factors are neutral. Juniper has failed meet its burden to establish that transfer is *clearly more convenient*. For the reasons stated herein and the specific facts of this particular case, the Court finds that Juniper's Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 16th day of September, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE